1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

JOAQUIN MURRIETTA MARTINEZ,

Civil No.    13cv1457-BTM (WVG)

12

Petitioner,

13

v.

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

14

UNNAMED,

15

Respondent.

16
17

Petitioner, a San Diego County Jail inmate, is proceeding pro se with a Petition for a Writ

18

of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a state court conviction.  This

19

action is subject to dismissal because Petitioner has failed to satisfy the filing fee requirement,

20

failed to name a proper respondent, and failed to allege exhaustion of state court remedies.

21

Accordingly, the Court dismisses the Petition without prejudice and with leave to amend.

22

**FILING FEE REQUIREMENT**

23

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

24

qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.  See

25

Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must submit,

26

**no later than September 3, 2013,** a copy of this Order with the $5.00 fee or with adequate proof

27

of his inability to pay the fee.  A blank Southern District of California in forma pauperis

28

application will be provided to Petitioner along with a copy of this Order.

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  "Typically, that person is the warden of the facility in which the petitioner is incarcerated."  Id.  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  See id.

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  Id.  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'"  Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent."  Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner."  Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has failed to name a Respondent.  In order for this Court to entertain the Petition filed in this action, Petitioner must name the officer or warden in charge of the jail or state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

/ / /

1  **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

2    Further, habeas petitioners who wish to challenge either their state court conviction or the

3  length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

4  § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial

5  remedies, a California state prisoner must present the California Supreme Court with a fair

6  opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28

7  U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court

8  remedies a petitioner must allege, in state court, how one or more of his or her federal rights

9  have been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned:

10  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

11  rights, they must surely be alerted to the fact that the prisoners are asserting claims under the

12  United States Constitution."  Id. at 365-66 (emphasis added).  For example, "[i]f a habeas

13  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the

14  due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only

15  in federal court, but in state court."  Id. at 366 (emphasis added).

16    The Petition lists two claims.  (See Pet. at 6-7.)  The first ground for relief, which

17  Petitioner contends he has presented to the state supreme court (id. at 6), consists merely of a

18  statement that Petitioner is entitled to various rights under the federal Constitution, but contains

19  no supporting facts and does not allege that Petitioner was deprived of any of the listed rights.

20  (Pet. at 6.)  Title 28, United States Code, § 2254(a), sets forth the following scope of review for

21  federal habeas corpus claims:

22      The Supreme Court, a Justice thereof, a circuit judge, or a district
court shall entertain an application for a writ of habeas corpus in
23      behalf of a person in custody pursuant to the judgment of a State
court only on the ground that he is in custody in violation of the
24      Constitution or laws or treaties of the United States.

25  28 U.S.C. § 2254(a) (emphasis added).  See Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir.

26  1991); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988); Kealohapauole v. Shimoda, 800

27  F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim

28  under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).  With respect to ground one, which is the only claim Petitioner indicates he has presented to the state supreme court, Petitioner does not claim that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  Ground one therefore does not present a federal claim.

The second ground for relief, which Petitioner contends has not been presented to the state supreme court (Pet. at 7), contains factual allegations which, liberally construed, present a claim for violation of Petitioner's federal Constitutional right to the effective assistance of counsel.  (See id.)  Accordingly, the only claim for relief presented in the Petition (ground two) has not, according to Petitioner, been presented to the state supreme court.  The burden of proving that a claim has been exhausted lies with the petitioner.  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).  Here, Petitioner has not alleged exhaustion of state court remedies with respect to any federal claim presented in the Petition.  He has therefore failed to allege exhaustion as to any claim presented in the Petition, and the Petition is subject to dismissal.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust."), citing Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

The Court cautions Petitioner that a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1
              (D) the date on which the factual predicate of the claim or
2
claims presented could have been discovered through the exercise of due diligence.

3
28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

4
       The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

5
is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

6
<u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

7
when its delivery and acceptance [by the appropriate court officer for placement into the record]

8
are in compliance with the applicable laws and rules governing filings."); <u>Bonner v. Carey</u>, 425

9
F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which

10
is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was

11
under consideration by the state court, and therefore does not toll the statute of limitations), <u>as</u>

12
<u>amended</u> 439 F.3d 993.  However, absent some other basis for tolling, the statute of limitations

13
runs while a federal habeas petition is pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

14
## **CONCLUSION AND ORDER**

15
       Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

16
habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

17
the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.

18
Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner

19
has failed to satisfy the filing fee requirement, failed to name a proper respondent, and failed to

20
allege exhaustion of state judicial remedies.

21
       To have this case reopened, Petitioner must, no later than **September 3, 2013**, pay the

22
$5.00 filing fee or submit adequate proof of his inability to pay the fee, **and** file a First Amended

23
Petition that cures the pleading deficiencies set forth above.  The Clerk of Court shall send

24
Petitioner a blank Southern District of California amended petition form and a blank Southern

25
District of California in forma pauperis application along with a copy of this Order.

26
/ / /

27
/ / /

28
/ / /

1    Petitioner is advised that if he has not submitted a First Amended Petition alleging

2    exhaustion of state court remedies before **September 3, 2013**, he will have to start over by filing

3    a completely new habeas petition in this Court which will be given a new civil case number.

4    **IT IS SO ORDERED.**

5

6    DATED:  July 8, 2013

7    _Barry Ted Moskowitz_

8    BARRY TED MOSKOWITZ, Chief Judge
     United States District Court

9

10   CC:        ALL PARTIES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28