UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURRIETTA MARTINEZ, | Civil No.13-1457-BTM(WVG) |
| Petitioner, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. # 8) |
| v. | |
| CAPT. PENA, et al., | |
| Respondent. | |

On October 22, 2013, the Court received a letter from Petitioner requesting that an attorney be appointed for him. (Doc. No. 8). The Court construes the letter to be a Motion for Appointment of Counsel.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation

whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); <u>Terrovona v. Kincheloe</u>, 912 F.2d 1176, 1181 (9th Cir. 1990); <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984); <u>Hoggard v. Purkett</u>, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. <u>Terrovona</u>, 912 F.2d at 1177; <u>Knaubert</u>, 791 F.2d at 728; <u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. <u>Terrovona</u>, 912 F.2d at 1177; <u>Knaubert</u>, 791 F.2d at 728; <u>Abdullah</u>, 18 F.3d at 573.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." <u>Chaney</u>, 801 F.2d at 1196; <u>Knaubert</u>, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. <u>Hawkins v. Bennett</u>, 423 F.2d 948, 950 (8th Cir. 1970).

In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for habeas petitioners

with non-frivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." Abdullah v. Norris, 18 F.3d at 573 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)); Hoggard, 29 F.3d at 471; Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993); Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Since these factors are useful in determining whether due process requires the appointment of counsel, they are considered to the extent possible based on the record before the Court. Here, Petitioner has sufficiently represented himself to date. From the face of the Petition, filed *pro se*, it appears that Petitioner has a good grasp of this case and the legal issues involved. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). At this stage of the proceedings, the Court finds that the interests of justice do not require the appointment of counsel. Therefore, Petitioner's Motion for Appointment of Counsel in this regard is DENIED without prejudice.

The Court also notes that "[w]here the issues involved can be properly resolved on the basis of the

state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." Hoggard, 29 F.3d at 471; McCann v. Armontrout, 973 F.2d 655, 661 (8th Cir. 1992); Travis v. Lockhart, 787 F.2d 409, 411 (8th Cir. 1986) (per curiam) (holding that district court did not abuse its discretion in denying § 2254 habeas petitioner's motion for appointment of counsel where allegations were properly resolved on basis of state court record). At this stage of the proceedings, it appears the Court will be able to properly resolve the issues involved on the basis of the state court record.

"The procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); Bashor, 730 F.2d at 1234. The Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an answer or other responsive pleading to the Petition.

"The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." Knaubert, 791 F.2d at 729; Richmond v. Ricketts, 774 F.2d 957, 961 (9th Cir.1985); Rhinehart v. Gunn, 598 F.2d 557, 558 (9th Cir.1979) (per curiam); Turner v. Chavez, 586 F.2d 111,

112 (9th Cir.1978) (per curiam). Even when the district court accepts a state court's factual findings, it must render an independent legal conclusion regarding the legality of a petitioner's incarceration. <u>Miller v. Fenton</u>, 474 U.S. 104, 112 (1985). The district court's legal conclusion, moreover, will receive de novo appellate review. <u>Hayes v. Kincheloe</u>, 784 F.2d 1434, 1436 (9th Cir. 1986).

The assistance counsel provides is valuable. "An attorney may narrow the issues and elicit relevant information from his or her client. An attorney may highlight the record and present to the court a reasoned analysis of the controlling law." <u>Knaubert</u>, 791 F.2d at 729. However, as the court in <u>Knaubert</u> noted: "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone." <u>Id.</u> (citing <u>Sumner v. Mata</u>, 449 U.S. 539, 545-57 (1981), and 28 U.S.C. § 2254(d)). Since this Court denies Petitioner's Motion for Appointment of Counsel, it must "review the record and render an independent legal conclusion." <u>Id.</u> Moreover, since the Court does not appoint counsel, it must "inform itself of the relevant law. Therefore, the additional assistance provided by attorneys, while significant, is not compelling." <u>Id.</u>

If an evidentiary hearing is required, Rule 8(c) of the Rules Governing Section 2254 Cases requires that counsel be appointed to a petitioner who qualifies under

18 U.S.C. § 3006A(a)(2)(B). Rule 8(c), 28 U.S.C. foll. § 2254; see <u>Wood v. Wainwright</u>, 597 F.2d 1054 (5th Cir. 1979). In addition, the Court may appoint counsel for the effective utilization of any discovery process. Rule 6(a), 28 U.S.C. foll. § 2254. For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel. Accordingly, Petitioner's Motion for Appointment of Counsel is DENIED without prejudice. IT IS SO ORDERED.

DATED: October 24, 2013

_____
Hon. William V. Gallo
U.S. Magistrate Judge