# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURRIETTA MARTINEZ,<br><br>　　　　　　　　Petitioner,<br><br>　vs.<br><br><br>DR. JEFFREY BEARD, Secretary,<br><br>　　　　　　　　Respondent.[1] | Civil No. 13cv1457-BTM (WVG)<br><br>**ORDER:**<br><br>**(1)  DECLINING TO ADOPT THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE; and**<br><br>**(2)  ISSUING A SCHEDULING ORDER ON MOTION TO AMEND AND MOTION FOR STAY AND ABEYANCE** |

　　　　Joaquin Murrietta Martinez (hereinafter "Petitioner"), is a California prisoner proceeding pro se with a First Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, presenting 4 claims.  (ECF No. 3.)  Respondent has filed an Answer contending that

---

[1] Petitioner named his custodian at the time he initiated this action, "Capt. Pena," as Respondent in the original Petition (see ECF No. 1 at 1), and added Kamala Harris, the California Attorney General, as a Respondent in the First Amended Petition (see ECF No. 3 at 1).  Petitioner's place of confinement has changed during the pendency of this action.  (See ECF No. 35 at 1.)  Because a writ of habeas corpus acts upon the custodian of the state prisoner, see 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254, and because the California Attorney General is not a proper Respondent to this action, see Rule 2(b), 28 U.S.C. foll. § 2254, the Court sua sponte **ORDERS** the substitution of Dr. Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation, as Respondent in place of "Capt. Pena" and "Kamala Harris."  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief officer in charge of state penal institutions).

habeas relief is not available because: (1) claim 1 does not present a federal question; (2) the state court adjudication of claim 2 is neither contrary to, nor involves an unreasonable application of, clearly established federal law, and is not based on an unreasonable determination of the facts; and (3) Petitioner has failed to exhaust state court remedies with respect to claims 3 and 4, because they have not been presented to the state supreme court, but they should be denied notwithstanding that failure because they are without merit.  (ECF No. 21 at 4-8.)

On January 2, 2014, United States Magistrate Judge William V. Gallo issued an Order notifying Petitioner that he had failed to exhaust his state court remedies with respect to claims 3 and 4, that the First Amended Petition was therefore subject to dismissal because it contained both exhausted and unexhausted claims, and that the Magistrate Judge would recommend dismissal of this action on that basis unless Petitioner chose one of four options on or before February 3, 2014.  (ECF No. 23.)  The four options included: (1) demonstrate that claims 3 and 4 are in fact exhausted; (2) voluntarily dismiss this action and return to state court to exhaust claims 3 and 4 (which carried not only the possibility but the likelihood that the one-year statute of limitations would prevent consideration of any of Petitioner's claims, including those which had already been exhausted); (3) formally abandon claims 3 and 4 (which would likely result in permanent abandonment of those claims in this Court); and (4) file a motion to stay these proceedings while he returns to state court to exhaust claims 3 and 4.  (Id.)

Although Petitioner was given several extensions of time to respond to the January 2, 2014 Order, he failed to do so, and on May 20, 2014, the Magistrate Judge filed a Report and Recommendation ("R&R") which recommends that the Petition be dismissed without prejudice to Petitioner refiling a future petition which contains only exhausted claims.  (ECF No. 33.)  Petitioner was given until June 20, 2014, to file objections to the R&R, but has not done so.  On August 19, 2014, however, he filed a Motion to amend the First Amended Petition and a Motion for stay and abeyance.  (ECF Nos. 37, 39.)

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court **DECLINES TO ADOPT** the R&R. The Magistrate Judge failed to address Respondent's contention that claims 3 and 4 should be denied as meritless notwithstanding Petitioner's failure to present them to the state supreme court. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."); Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (holding that a federal habeas court can deny relief on an unexhausted claim "where it is perfectly clear that the petitioner has no chance of obtaining relief.")

In addition, the Magistrate Judge failed to address whether the claims which have not been presented to the state supreme court should be considered technically exhausted. The exhaustion requirement is satisfied, "if it is clear that (the habeas petitioner's) claims are now procedurally barred under (state) law." Gray v. Netherland, 518 U.S. 152, 161 (1996), quoting Castille v. Peoples, 489 U.S. 346, 351 (1989); Engle v. Isaac, 456 U.S. 107, 125-26 n.28 (1982) (noting that the exhaustion requirement applies "only to remedies still available at the time of the federal petition."); Valerio v. Crawford, 306 F.3d 742, 770 (9th Cir. 2002) (same), citing Phillips v. Woodford, 267 F.3d 966, 974 (9th Cir. 2001) ("the district court correctly concluded that [the] claims were nonetheless exhausted because 'a return to state court for exhaustion would be futile.'"); Cassett, 406 F.3d at 621 n.5 ("A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him."), quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991). The Magistrate Judge failed to determine whether an attempt by Petitioner to return to state court at this time in order to seek further post-conviction relief would meet with the imposition of a procedural bar. See In re Clark, 5 Cal.4th 750, 797-98 (1993) ("the general rule is still that, absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied," and describing the "fundamental miscarriage of justice" exception to that rule).

## CONCLUSION AND ORDER

Accordingly, the Court **DECLINES TO ADOPT** the findings and conclusions of the Magistrate Judge. The Court **ISSUES** the following briefing schedule for Petitioner's Motion to amend and Motion for stay and abeyance. Respondent shall file a consolidated response to both Motions on or before **November 7, 2014**. Petitioner may file a Reply on or before **December 1, 2014**. The undersigned District Judge will take the Motions under consideration on **December 5, 2014**, and, unless otherwise ordered, will issue a ruling on both Motions without oral argument.

**IT IS SO ORDERED.**

DATED: October 16, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court