1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURRIETTA MARTINEZ, | Civil No. 13cv1457-BTM (WVG) |
| Petitioner, | **ORDER DENYING REQUEST** |
| vs. | **FOR RELIEF** |
| DR. JEFFREY BEARD, Secretary, | |
| Respondent. | |

Petitioner is proceeding pro se with a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Presently pending before the Court are Petitioner's Motion for Stay and Motion to Amend the Petition.  The Court has ordered consolidated briefing on those Motions which it has not yet received.

The Court has received a Notice of Assisting Petitioner and Prayer for Relief filed by Anthony Ivan Bobadilla, a person currently incarcerated with Petitioner, who states:

> I have examined the [sic] somewhat file and the records in this case and have preliminary [sic] determined that petitioner has no comprehension how the procedural [sic] nor the capacity to proceed [sic] the petition for writ of habeas corpus and its [sic] evident.  [¶]  However, I myself don't have the experience with federal habeas corpus petitions; although I do have the patience and sufficiency to comprehend with enthusiasm in participating within the justice [sic] in the matters of fundamental constitutional rights; foremost petitioner is in need of assistance; therefore I am voluntary [sic] assisting petitioner and fourth [sic] respectfully request to this court [sic] order a hold at this institution; wherefore I could assist petitioner and so petitioner [sic] confinement won't change as so [sic] it has in the past.

(ECF No. 45 at 4.)

-1-

13cv1457

To the extent Inmate Bobadilla is requesting appointment of "next friend" status to assist Petitioner in this action, is request is denied.  The Supreme Court has stated that:

> "[N]ext friend" standing is by no means granted automatically to whomever seeks to pursue and action on behalf of another.  Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest.  The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990) (internal citations omitted).

Inmate Bobadilla has satisfied neither of these requirements.  In addition, a review of Petitioner's filings has provided no basis for an inquiry, much less a finding, that Petitioner is not competent to prosecute this action.  See Rees v. Payton, 384 U.S. 312, 314 (1966) (stating that competence to proceed in federal habeas turns on whether the petitioner suffers from a mental defect or disease and, if so, whether it prevents petitioner from understanding the legal situation, and, if not, does the mental disorder nevertheless prevent him from making a rational choice among his options.)

The request for an order directing that Bobadilla and/or Petitioner not be transferred to another institution while this action is pending is **DENIED**.

**IT IS SO ORDERED.**

DATED:  December 8, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

13cv1457