# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURRIETTA MARTINEZ,<br><br>                  Petitioner,<br>vs.<br><br>DR. JEFFREY BEARD, Secretary,<br><br>                  Respondent. | Civil No. 13cv1457-BTM (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING UNOPPOSED MOTION TO AMEND THE PETITION; and,**<br><br>**(2) DENYING MOTION FOR STAY AND ABEYANCE AS MOOT** |

      Joaquin Murrietta Martinez (hereinafter "Petitioner"), is a California prisoner proceeding pro se and in forma pauperis with a First Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, challenging his San Diego County Superior Court conviction for first degree murder. (ECF No. 3.) The First Amended Petition lists four claims; the first two claims relate to the failure of Lisa Brown to testify at trial, and were raised on direct appeal in the state appellate and supreme courts; the third and fourth claims, which have never been presented to any state court, both allege ineffective assistance of trial counsel for ignoring letters Petitioner provided to counsel which he contends show that several people recanted or made false statements. (FAP at 6-9.) Petitioner has filed a Motion to Amend the First Amended Petition to present additional claims alleging: (1) he was compelled to testify against himself when a videotaped statement he made to the police was shown to the jury, and because he was

1 forced to take the stand at trial to respond to that statement; (2) ineffective assistance of appellate
2 counsel for failure to argue he was compelled to testify against himself; (3) ineffective assistance
3 of trial counsel for failing to present evidence of Petitioner's medical condition; (4) improper
4 admission of hearsay statements; and (5) arbitrary and discriminatory prosecution. (ECF No.
5 37.) Petitioner has also filed a Motion for Stay and Abeyance in which he requests the Court to
6 hold the First Amended Petition in abeyance while he returns to state court to exhaust state court
7 remedies as to those claims, and as to the ineffective assistance of trial counsel claim raised in
8 the First Amended Petition. (ECF No. 39)

9 On October 16, 2014, the Court ordered Respondent to file a consolidated response to
10 both motions on or before November 7, 2014. (ECF No. 40.) After that deadline passed, and
11 Respondent had not filed a response, the Court extended the deadline to December 19, 2014.
12 (ECF No. 43.) On December 17, 2014, Respondent filed an Opposition to the Motion for Stay
13 and Abeyance, but has not filed a response to the Motion to Amend. (ECF No. 47.) Because
14 Respondent has now twice failed to respond to the Motion to Amend when ordered to do so, the
15 Motion to Amend is **GRANTED** as unopposed. In order to avoid the delay in requiring
16 Petitioner to file a Second Amended Petition which presents all claims in a single pleading, the
17 First Amended Petition is hereby consolidated with the habeas petition which constitutes
18 Petitioner's Motion to amend (ECF No. 37), and together they form the operative pleading in
19 this action. Petitioner's Motion for Stay and Abeyance is **DENIED** as moot because, for the
20 following reasons, the Court finds that the new claims are technically exhausted and
21 procedurally defaulted due to Petitioner's failure to present them to the state court in a timely,
22 procedurally proper manner.

23 Petitioner filed his direct appeal opening brief on August 5, 2011, and the state appellate
24 court affirmed his conviction on September 6, 2012. (Lodgment Nos. 3, 5.) Thus, over three
25 years have passed since Petitioner was required to present his claims to the state courts. See
26 Walker v. Martin, 562 U.S. ___, 131 S.Ct. 1120, 1125-31 (2011) (holding that California's
27 timeliness requirement providing that a prisoner must present claims without "substantial delay"
28 as "measured from the time the petitioner or counsel knew, or should reasonably have known,

of the information offered in support of the claim and the legal basis for the claim," is clearly established and consistently applied).  Because Petitioner has not presented the claims to the state courts, they are now technically exhausted and procedurally defaulted in this Court.  See Cassett v. Stewart, 406 F.3d 614, 621 n.5 (9th Cir. 2005) ("A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him."); Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (holding that a procedural default arises when "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."); see id. at 729-30, 750 (a procedural default arises from a violation of a state procedural rule which is independent of federal law, and which is clearly established and consistently applied, and as a precondition to granting habeas relief on such a defaulted claim, the petitioner is required to demonstrate cause for the failure to properly present his claim to the state supreme court, and prejudice as a result of the federal procedural default, or show that a fundamental miscarriage of justice would result if habeas relief was denied as a result of the default.); In re Clark, 5 Cal.4th 750, 797-98 (1993) ("the general rule is still that, absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied," and describing the "fundamental miscarriage of justice" exception to that rule); Engle v. Isaac, 456 U.S. 107, 125-26 n.28 (1982) (noting that the exhaustion requirement applies "only to remedies still available at the time of the federal petition."); Valerio v. Crawford, 306 F.3d 742, 770 (9th Cir. 2002) (same), citing Phillips v. Woodford, 267 F.3d 966, 974 (9th Cir. 2001) ("the district court correctly concluded that [the] claims were nonetheless exhausted because 'a return to state court for exhaustion would be futile.'")  Petitioner has provided no basis to find that his untimeliness is excusable under state law.[1]

///

---

[1] Petitioner has submitted a state superior court habeas petition which he would presumably file in the state court were this Court to grant his Motion for Stay and Abeyance, but has left blank the line in the state petition form asking him to: "Explain any delay in the discovery of the grounds for relief and in raising the claims in this petition.  (See *In re Swain* (1949) 34 Cal.2d 300, 304.)" (ECF No. 37 at 11.)

In his Motion for Stay and Abeyance, Petitioner requests that this action be stayed while he returns to state court to exhaust state court remedies as to the new claims and the ineffective assistance of counsel claim set forth in the First Amended Petition, and he then be allowed to amend the First Amended Petition to include the newly-exhausted claims.  Because the Court has consolidated the First Amended Petition with the habeas petition which includes the new claims, and has found the exhaustion requirement to be satisfied with respect to the claims now presented in the consolidated operative pleading in this matter, Petitioner's Motion for Stay and Abeyance is **DENIED** as moot.

## CONCLUSION AND ORDER

Petitioner's Motion to Amend [ECF No. 37] is **GRANTED**.  The First Amended Petition is consolidated with the habeas petition which is presented as the Motion to Amend, and the operative pleading in this matter is that consolidated petition.  Petitioner's Motion for Stay and Abeyance [ECF No. 39] is **DENIED** as moot.

Respondent shall file an Answer to the operative pleading in this matter on or before **March 2, 2015**, in which Respondent, in addition to addressing the merits of the claims, may raise any affirmative defenses with respect to the new claims, including but not limited to timeliness, and whether the requirements of cause and prejudice, or a fundamental miscarriage of justice, necessary to overcome the procedural default, have been satisfied.  Petitioner may file a Traverse on or before **April 2, 2015**.

**IT IS SO ORDERED.**

DATED:  December 30, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court