UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURRIETTA MARTINEZ,<br><br>　　　　　Plaintiff,<br>v.<br>BEARD,<br>　　　　　Defendant. | Civil No. 13-CV-1457-BTM (WVG)<br><br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br><br>[DOC. NO. 49] |

## I. BACKGROUND

On June 24, 2013, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. No. 1.) On July 8, 2013, Petitioner's case was dismissed without prejudice because he failed to satisfy the filing fee requirement, failed to name a proper respondent, and failed to allege exhaustion of state court remedies. (Doc. No. 2.) On August 19, 2013, Petitioner filed a First Amended Petition for Writ of Habeas Corpus. (Doc. No. 3.) On December 27, 2013, Respondent filed an Answer. (Doc. No. 21.) On May 20, 2014, this Court issued a Report and Recommendation ("R&R") which recommended that the Petition be dismissed without prejudice to Petitioner refiling a future petition which contained only exhausted claims. (Doc. No. 33.) On August 19, 2014, Petitioner filed a Motion to Amend the First Amended Petition and a Motion for Stay and Abeyance. (Doc. Nos. 37, 39.)

On October 16, 2014, the Honorable Barry Ted Moskowitz, United States District Judge, issued an Order Declining to Adopt the R&R. (Doc. No. 40.) In his Order, the District Judge stated that this Court failed to address Respondent's contention that claims three and four of the Petition should be denied as meritless notwithstanding Petitioner's failure to present them to the state supreme court. Id. at 3. The District Judge also concluded that this Court failed to address whether the claims which were not presented to the state supreme court should be considered technically exhausted. Id.

On December 1, 2014, Petitioner filed a Notice of Assisting Petitioner; Declaration of Anthony Ivan Bobadilla. (Doc. No. 45.) In the Declaration, Mr. Bobadilla notified the Court that he was an inmate assisting Petitioner with his First Amended Petition. Id. On December 8, 2014, the District Judge issued an Order Denying Petitioner's Request for Relief related to Mr. Bobadilla. (Doc. No. 46.) In its Order, the Court noted that it received a Notice of Assisting Petitioner and Prayer for Relief filed by Mr. Bobadilla, a person currently incarcerated with Petitioner. Id. at 1. The Court noted that, to the extent Mr. Bobadilla was requesting appointment of "next friend" status to assist Petitioner in this action, his request was denied. Id. at 2. The Court also denied a request for an order directing that Mr. Bobadilla and/or Petitioner not be transferred to another institution while Petitioner's action was pending.

On December 30, 2014, the District Judge issued an Order Granting Petitioner's Unopposed Motion to Amend the Petition and Denying Petitioner's Motion for Stay and Abeyance as Moot. (Doc. No. 50.) The Court noted that Petitioner filed a Motion to Amend the First Amended Petition to present additional claims. Id. at 1-2; citing Doc. No. 37. The Court also noted that Petitioner filed a Motion for Stay and Abeyance in which he requested the Court hold the First Amended Petition in abeyance while he returned to state court to exhaust state court remedies as to the new claims, and as to the ineffective assistance of trial counsel claim raised in the First Amended Petition. Id. at 2; citing Doc. No. 39. In order to avoid the delay in requiring Petitioner to file a Second Amended Petition which presented all claims in a single pleading, the District Judge consolidated the First Amended Petition

with the habeas petition which constituted Petitioner's Motion to Amend (Doc. No. 37), and ordered that, together, they formed the operative pleading in this action. (Doc. No. 50 at 2.) The Court denied Petitioner's Motion for Stay and Abeyance as moot because the new claims were technically exhausted and procedurally defaulted due to Petitioner's failure to present them to the state court in a timely, procedurally proper manner. Id.

## II. MOTIONS TO APPOINT COUNSEL

### A. PRIOR MOTIONS TO APPOINT COUNSEL

On October 22, 2013, the Court received a letter from Petitioner requesting that an attorney be appointed for him. (Doc. No. 8.) The Court construed the letter to be a Motion for Appointment of Counsel, and on October 24, 2013, this Court issued an Order Denying Motion for Appointment of Counsel. (Doc. No. 9.) On October 30, 2013, the Court received an undated letter from Petitioner which again requested appointment of counsel. (Doc. No. 13.) In the October 30, 2013 letter, Petitioner stated that he had a stroke and needed "more time." Id.

On October 31, 2013, the Court ordered Respondent to submit for an *in camera* review, Petitioner's medical records at the prison at which he was housed and any other evidence in the files at the prison that showed Petitioner's medical condition(s) and his ability to represent himself in this action. (Doc. No. 14.) On November 21, 2013, the Court received Petitioner's medical records dated from March 27, 2012 to November 5, 2013. These documents included medical records from Donovan State Prison and the San Diego Sheriff's Department. The Court did not receive any records dated prior to March 27, 2012. The Court conducted an i*n camera* review of Petitioner's medical records.

On November 25, 2013, this Court issued a second Order Denying Petitioner's Application for Appointment of Counsel. (Doc. No. 15.) The Court stated that its review of Petitioner's medical records did not support his renewed request for appointment of counsel. Id. at 3. The Court found that Petitioner suffered from psychological problems, took medications to treat his psychological problems, and could manage his psychological problems if he took his medications. Id. at 2. The Court also noted that Petitioner could

communicate in English, was generally alert and cooperative, and his thought processes were organized, linear, logical, and goal-directed. Id. at 2-3. After a review of his medical records, the Court observed that Petitioner aggressively sought the medications he believed to be best for him by repeatedly requesting those medications from prison psychiatrists, and by filing prison grievances when he did not receive those medications. Id. at 3. The Court stated that, in July of 2012, Petitioner engaged in a hunger strike because he did not receive the medications he deemed best for him, and he refused consultations with prison psychiatrists after those psychiatrists did not prescribe medications Petitioner deemed best for him. Id.

The Court found that Petitioner's medical records showed that he did not suffer a stroke, at least not after March 27, 2012. (Doc. No. 15 at 3.) The Court noted that, even if Plaintiff suffered a stroke before March 27, 2012, his medical records amply demonstrated that he was quite capable of forming opinions about his health care, and obtaining the health care he needed while in prison. Id. The Court observed that the medical records indicated that Petitioner had used many avenues to obtain what he needed or believed he needed. Id. The Court concluded that for the reasons stated in its first Order denying Petitioner's motion for appointment of counsel, and based on the Court's review of his medical records, Petitioner had not demonstrated that he required counsel to represent him in this action. Id. at 3-4. Therefore, the Court denied Petitioner's renewed Motion for Appointment of Counsel. Id. at 4.

### B. INSTANT MOTION TO APPOINT COUNSEL

On December 18, 2014, Petitioner filed a third Motion to Appoint Counsel. (Doc. No. 49.) The District Judge accepted Petitioner's Motion to Appoint Counsel through a discrepancy order on December 18, 2014, directing that the motion be filed nunc pro tunc to the date received in the Clerk's Office. On April 27, 2015, the Motion was assigned to the undersigned. In his instant Motion, Petitioner asserts that he does not have the financial resources to retain counsel, and he is in no position to investigate crucial facts. (Doc. No. 49 at 1-2, 24.) He argues that his case involves substantial and complex procedural legal or

mixed legal and factual questions, and that he has no comprehension of federal habeas corpus procedures. Id. at 4. He also claims that the case will require the assistance of experts in framing and proving the claims. Id. at 23. Petitioner claims that he has had another inmate assisting him with his Court filings, but notes that the inmate helping him has no experience with federal habeas corpus petitions, and either Petitioner or the assisting inmate may be moved at any time. Id. at 4-5.

Petitioner also claims that he lacks education and is mentally impaired/disabled. (Doc. No. 49 at 9.) He states that he is currently an inmate in the Mental Health Services Delivery System and has a qualifying mental disorder. Id. at 9. He refers the Court to Exhibit B, California Department of Corrections and Rehabilitation ("CDCR") form 128MH3, and claims that the form confirms his qualifying medical disorder. Id. Petitioner claims that the CDCR form notes that "Petitioner 'revealed a potential effective communication trigger (TABE reading score of 2.3) that requires...assistance for reading or writing or any other accommodation for a possible learning disability...'" Id.

### III. APPLICABLE LAW AND DISCUSSION

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 2005); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." Abdullah, 18 F.3d at 573 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)); Hoggard, 29 F.3d at 471; Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993); Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Because these factors are useful in determining whether due process requires the appointment of counsel, they are considered to the extent possible based on the record before the Court. Here, Petitioner has sufficiently represented himself to date. From the face of the Petition, filed *pro se*, it appears that Petitioner has a good grasp of this case and the legal issues involved. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

Further, while Petitioner claims that he lacks education and is mentally impaired/disabled, the documents attached to his Motion to Appoint Counsel do not support granting Petitioner's Motion. Petitioner attaches two CDCR 128-MH3 forms, titled State of California Mental Health Placement Chrono. (Doc. No. 49 at 11-12.) The forms, dated October 1 and 23, 2014, indicate that Petitioner has a qualifying mental disorder, but do not specify any details of the disorder. Id. Petitioner also attaches a First Level Appeal

1  Response from Mule State Creek Prison dated November 24, 2014, and a Second Level
2  Appeal Response dated December 1, 2014. Id. at 16-19. Petitioner submitted the first level
3  appeal seeking a document that certified that he was disabled, along with a description of his
4  disability. Id. at 18. The First Level Appeal Response indicates that Petitioner participated
5  in a face-to-face interview with a Supervisor of Academic Instruction on November 20,
6  2014. Id. The Response noted that, while Petitioner does have medical records that indicate
7  that he has medical issues, a review of the education files did not reveal any documentation
8  of a verifiable learning disability. Id. The first level appeal was partially granted in that
9  accommodations would be provided for Petitioner's physical disability if he requested
10 assistance, and Petitioner could request staff assistance with reading and writing. Id. at 18-
11 19. In the second level appeal, Petitioner again sought a document that certified he was
12 disabled, along with a description of his disability. Id. at 16. The Second Level Appeal
13 Response indicates that the prison is not required to test for learning disabilities, as it is not
14 necessary to verify a learning disability in order to accommodate the associated limitations.
15 Id. at 17. The second level appeal was also partially granted in that Petitioner could request
16 staff assistance with reading or writing or any other accommodation for a possible learning
17 disability, and referenced his current CDCR 128-MH3 form showing his level of mental
18 health care. Id. at 17. At both levels of appeal, the prison stated that it could not provide
19 Petitioner with a document verifying a learning disability at that time. Id. at 17, 19.

20       This Court has already conducted an *in camera* review of Petitioner's medical records
21 from March 27, 2012 to November 5, 2013, and determined that there was nothing in the
22 records to merit a granting of his previous Motion to Appoint Counsel. The Court has not
23 been presented with any additional evidence to support appointing counsel. At this stage of
24 the proceedings, the Court finds that the interests of justice do not require the appointment
25 of counsel.

26       The Court also notes that "[w]here the issues involved can be properly resolved on the
27 basis of the state court record, a district court does not abuse its discretion in denying a
28 request for court-appointed counsel." Hoggard, 29 F.3d at 471; McCann v. Armontrout, 973

F.2d 655, 661 (8th Cir. 1992); Travis v. Lockhart, 787 F.2d 409, 411 (8th Cir. 1986) (per curiam) (holding that district court did not abuse its discretion in denying Section 2254 habeas petitioner's motion for appointment of counsel where allegations were properly resolved on basis of state court record). Here, Petitioner asserts that certain statements were admissible under an exception to the California hearsay rule, and that his federal constitutional right to a fair trial was violated. See Doc. No. 3. Petitioner also argues that he was compelled to testify against himself when a videotaped statement he made to the police was shown to the jury and because he was forced to take the stand at trial to respond to that statement, his appellate counsel was ineffective for failing to argue he was compelled to testify against himself, his trial counsel was ineffective for failing to present evidence of his medical condition, that there was improper admission of hearsay statements, and arbitrary and discriminatory prosecution. See Doc. No. 37. Respondent has provided the Court with the Clerk's Transcript (two volumes), the Reporter's Transcript (fourteen volumes), Appellant's Opening Brief, Respondents' Opening Brief, the Opinion of the California Court of Appeal, the Petition for Review, and the Order of the Supreme Court of California. See Doc. No. 22. At this stage of the proceedings, it appears the Court will be able to properly resolve the issues involved on the basis of the state court record.

"The procedures employed by the federal courts are highly protective of a *pro se* petitioner's rights. The district court is required to construe a *pro se* petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam)); Bashor, 730 F.2d at 1234. The Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an answer or other responsive pleading to the Petition.

On December 13, 2014, Judge Moskowitz granted Petitioner's Motion to Amend the Petition, and Ordered that Respondents file an Answer by March 2, 2015. (Doc. No. 50 at 4.) The Court ordered that Petitioner may file a Traverse by April 2, 2015. Id. On March 6, 2015, the undersigned granted in part and denied in part Respondents' Application for

Enlargement of Time to File an Answer. (Doc. No. 58.) The Court ordered that Respondents file an Answer by March 18, 2015, and that Petitioner may file a Traverse by April 20, 2015. Id. at 2. To date, Petitioner has not filed a Traverse. Accordingly, because further briefing is not required of Petitioner, his claim that he is at a disadvantage in responding and thus needs counsel is without merit.

"The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." Knaubert, 791 F.2d at 729; Richmond v. Ricketts, 774 F.2d 957, 961 (9th Cir.1985); Rhinehart v. Gunn, 598 F.2d 557, 558 (9th Cir.1979) (per curiam); Turner v. Chavez, 586 F.2d 111, 112 (9th Cir.1978) (per curiam). Even when the district court accepts a state court's factual findings, it must render an independent legal conclusion regarding the legality of a petitioner's incarceration. Miller v. Fenton, 474 U.S. 104, 112 (1985). The district court's legal conclusion, moreover, will receive de novo appellate review. Hayes v. Kincheloe, 784 F.2d 1434, 1436 (9th Cir. 1986).

The assistance counsel provides is valuable. "An attorney may narrow the issues and elicit relevant information from his or her client. An attorney may highlight the record and present to the court a reasoned analysis of the controlling law." Knaubert, 791 F.2d at 729. However, as the court in Knaubert noted: "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone." Id. (citing Sumner v. Mata, 449 U.S. 539, 545-57 (1981), and 28 U.S.C. § 2254(d)). Because this Court denies Petitioner's motion for appointment of counsel, it must "review the record and render an independent legal conclusion." Id. Moreover, because the Court does not appoint counsel, it must "inform itself of the relevant law. Therefore, the additional assistance provided by attorneys, while significant, is not compelling." Id. (emphasis in original).

If an evidentiary hearing is required, Rule 8(c) of the Rules Governing Section 2254 Cases requires that counsel be appointed to a petitioner who qualifies under 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c), 28 U.S.C. foll. § 2254; see Wood v. Wainwright, 597 F.2d 1054 (5th Cir. 1979). In addition, the Court may appoint counsel for the effective utilization of

9

13CV1457

any discovery process. Rule 6(a), 28 U.S.C. foll. § 2254. For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel. Accordingly, Petitioner's request for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

DATED: May 19, 2015

_____
Hon. William V. Gallo
U.S. Magistrate Judge