1

2

3

4

5

6

7

8

9               **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  JOAQUIN MURRIETTA                    Civil No. 13cv1457-BTM (WVG)
    MARTINEZ,
13                                       **ORDER:**
                          Petitioner,
14                                       **(1)  ADOPTING IN PART AND
       vs.                               ADOPTING AS MODIFIED IN
15                                       PART THE FINDINGS AND
                                         CONCLUSIONS OF UNITED
16                                       STATES MAGISTRATE JUDGE;**

17  SCOTT KERNAN, Secretary,             **(2)  DENYING PETITION FOR A
                                         WRIT OF HABEAS CORPUS; and**
18                        Respondent.[1]
                                         **(3)  ISSUING A LIMITED COA**
19

20         Joaquin Murrietta Martinez (hereinafter "Petitioner"), is a California prisoner

21  proceeding pro se and in forma pauperis with a consolidated Petition for a Writ of Habeas

22  Corpus (hereinafter "Petition") filed pursuant to 28 U.S.C. § 2254.[2]  (ECF Nos. 3, 37.)

23  Petitioner challenges his San Diego County Superior Court conviction for first degree

24  _____

25         [1]  The Clerk of Court is directed to amend the docket to reflect that Scott Kernan, the Secretary
    of the California Department of Corrections and Rehabilitation, has been substituted as Respondent in
26  place of his predecessor and former Respondent Jeffrey Beard.  See Fed. R. Civ. P. 25(d) (requiring
    automatic substitution as a party the successor of a public office).

27         [2]  The operative pleading in this action is the First Amended Petition which contains Claims 1-3
28  (ECF No. 3) consolidated with Petitioner's Motion to Amend which contains Claims 4-8 (ECF No. 37).
    (See Order filed 12/30/16, ECF No. 50.)  Petitioner has filed a Second Amended Petition (ECF No. 55)
    and a Third Amended Petition (ECF No. 74), neither of which present any new claims.

murder, for which he was sentenced to 28 years-to-life in state prison. (Lodgment No. 1, Clerk's Tr. ["CT"] at 246, 558.)  He alleges his federal Constitutional rights were violated by ineffective assistance of counsel (Claims 1, 3, 5, 6), by the refusal of the trial court to grant immunity to a witness who refused to testify on Fifth Amendment grounds (Claim 2), by introduction at trial of the portion of his videotaped police interrogation which was recorded after he requested the recording be stopped, which he claims forced him to take the stand to explain his statements (Claim 4), because he was not permitted to confront a witness against him (Claim 7), and because his prosecution was arbitrary and discriminatory (Claim 8).  (ECF Nos. 3, 37.)  Petitioner presented Claims 1 and 2 to the state court on direct appeal (Lodgment Nos. 2-6), but has never raised the other claims in state court.

Respondent has filed an Amended Answer.  (ECF No. 60.)  Respondent contends habeas relief is unavailable because: (a) Claim 1 does not raise a federal question; (b) there is no clearly established federal law supporting Claim 2; (c) Claims 3-8 are unexhausted and without merit; and (d) Claims 5-8 are untimely and procedurally defaulted.  (Amend. Ans. at 9-23.)  Petitioner did not file a Traverse.

United States Magistrate Judge William V. Gallo has filed a Final Report and Recommendation ("R&R") which recommends the Petition be denied.  (ECF No. 84.) The Magistrate Judge found that: (a) the state court adjudication of Claims 1 and 2 is objectively reasonable within the meaning of 28 U.S.C. § 2254(d); (b) Claims 4-8 are untimely; and (c) Claims 3-8 are procedurally defaulted because they were not raised in state court and no state court remedies remain available, that Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice to excuse the default, and, with the exception of Claim 4, they do not present colorable claims.  (R&R at 11-41.) Petitioner has filed Objections to the R&R.  (ECF No. 89.)  He does not object to the procedural findings, but argues that his claims are meritorious.  (Obj. at 2-8.)

The Court has reviewed the R&R and the Objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  For the following reasons, the Court **ADOPTS** in part and **ADOPTS AS MODIFIED** in part the Magistrate Judge's findings and conclusions, **DENIES** the Petition, and **ISSUES** a COA limited to Claims 1 and 2.

**A.      Claims 1-2**

These claims concern Lisa Brown, who pled guilty to being an accessory after the fact and had completed her sentence at the time of Petitioner's trial.  She invoked her Fifth Amendment privilege, and refused to testify, after she consulted with counsel appointed by the trial judge in response to an assertion by the prosecutor that she could still be charged with murder.  Joseph Cooper testified that as he, Brown and Petitioner were driving back to the victim's house where she lie dead in order to dispose of the body, Brown told Cooper that Petitioner had killed the victim because he thought she was a "rat" who threatened "to call the cops," and that Petitioner did not deny it but continued driving and "just kind of nodd(ed) his head and was kind of serious about getting what had to be done, done, which was getting rid of the body."  (Lodgment No. 5, People v. Martinez, D05094, slip op. at 3 (Cal.Sup.Ct. Sept. 6, 2012).)  Cooper also testified that when they arrived at the house the victim had been dead about two days.  (Lodgment No. 2, Reporter's Tr. ["RT"] at 986.)  Yesenia Green testified that two days before Petitioner, Brown and Cooper drove to the house to dispose of the body, Green was leaving the house when she observed Petitioner in an angry mood similar to the mood he had been in when he had fought with the victim earlier, and she overheard Petitioner say "by the time you guys get back, the bitch will be dead."  (Id. at 276.)  Petitioner contends in Claim 1 that his trial counsel was deficient in failing to seek to introduce a statement Brown made to a defense investigator denying she made the statement Cooper attributed to her.  (ECF No. 3 at 7-8.)  He alleges in Claim 2 that the trial court erred in refusing to give Brown immunity because she was allegedly willing to take the stand and deny she

made the statement Cooper attributed to her, thereby allowing Cooper, who testified pursuant to a plea agreement, to blame Petitioner with impunity.  (Id. at 26-50.)

The Magistrate Judge found that it was objectively reasonable for the state court to reject Claim 1 on the basis that it would have been futile for trial counsel to seek admission of Brown's statement to the defense investigator because it was not admissible under state law, although state law in that area appears unsettled.  (R&R at 12-14.)  The Magistrate Judge also found that there is no clearly established federal law supporting Petitioner's allegation in Claim 2 that his federal constitutional rights were implicated by the trial court's refusal to grant Brown immunity.  (R&R at 15-16.)

The Court adopts the Magistrate Judge's finding and conclusions with respect to Claims 1 and 2, and denies habeas relief for the reasons set forth in the R&R.  (See R&R at 11-16.)  Mindful of the "relatively low" threshold for granting a Certificate of Appealability, Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002), that "the petitioner need not show that he should prevail on the merits," Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000), but may be entitled to a certificate when the "questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983) (citation omitted), superseded on other grounds by 28 U.S.C. § 2253(c)(2), the Court finds a Certificate of Appealability is appropriate for Claims 1 and 2.

**B.    Claims 3-8**

Petitioner has never presented Claims 3-8 to any state court.  The Magistrate Judge found that habeas relief is unavailable because: (a) with the exception of Claim 3, these claims were filed in federal court after expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d); (b) these claims are all procedurally defaulted because they have never been presented to the state court and no state court remedies remain available; (c) Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice to excuse the default; and (d) with the exception of Claim 4, they can be denied on the merits despite Petitioner's failure to present them to the state court because they

do not present colorable claims for relief.  (R&R at 11-41.)

**1.  Procedural Default**

The Court adopts the Magistrate Judge's findings that Petitioner has failed to present Claims 3-8 to the state court and that state court remedies are no longer available, rendering the claims technically exhausted and procedurally defaulted.  (R&R at 16-19, 27-28, 30, 34, 37, 39-40.)

The Magistrate Judge found that Petitioner failed to demonstrate cause and prejudice, or a fundamental miscarriage of justice, necessary to excuse the default.  (R&R at 19-20, 28, 30, 34, 37, 40.)  The R&R found that: (a) the allegations that Petitioner is, as he characterizes himself, "special ed," with difficulty reading and writing, are insufficient to demonstrate cause; (b) his claim of ineffective assistance of appellate counsel is inadequate to show cause because it has not been presented to the state court; and (c) the claims are insufficiently meritorious to support a finding that a fundamental miscarriage of justice would arise from the default.  (Id.)  The Court adopts those findings with the following modifications as to the ineffective assistance of counsel claims.

"Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  Martinez v. Ryan, 566 U.S. ___, 132 S.Ct. 1309, 1320 (2012).  In order "to establish 'cause' to overcome a procedural default under Martinez, a petitioner must show: (1) the underlying ineffective assistance of trial counsel claim is 'substantial', (2) the petitioner was not represented or had ineffective counsel during the [collateral review] proceeding, (3) the state [collateral review] proceeding was the initial review proceeding, and (4) state law required (or forced as a practical matter) the petitioner to bring the claim in the intial collateral review proceeding."  Dickens v. Ryan, 740 F.3d 1302, 1319 (9th Cir. 2014), quoting Trevino v. Thaler, 569 U.S. ___, 133 S.Ct. 1911, 1918 (2013).  The Ninth Circuit has interpreted Martinez and Trevino as altering the prejudice prong,

13cv1457

finding that prejudice is shown unless the claim is insubstantial, that is, "it does not have any merit . . . or is wholly without factual support." Detrich v. Ryan, 740 F.3d 1237, 1245 (9th Cir. 2013) (en banc), quoting Martinez, 132 S.Ct. at 1319.  There are situations where an evidentiary hearing under Martinez is appropriate to determine if there is a basis to excuse the default.  Id. at 1247 ("Martinez would be a dead letter if a prisoner's only opportunity to develop the factual record on his state [collateral review] counsel's ineffectiveness had been in state [collateral review] proceedings, where the same ineffective counsel represented him.")

The Court finds that even if Petitioner could establish cause and prejudice based on the fact that he was unrepresented during state post-conviction collateral review, or based on his allegation that his appellate counsel rendered deficient performance in not presenting certain ineffective assistance claims on collateral review (assuming Martinez applies where, as here, no state collateral review petition was ever filed), Petitioner cannot demonstrate cause and prejudice to overcome the default because, as the Magistrate Judge found (see R&R at 22-23, 31-32, 35), the defaulted ineffective assistance of counsel claims (claims 3, 5 and 6) are "insubstantial." Detrich, 740 F.3d at 1245.

With those modifications, the Court adopts the Magistrate Judge's finding that Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice sufficient to excuse the procedural default of Claims 3-8, and denies habeas relief as to these claims on the basis they are procedurally defaulted.[3]

//

//

---

[3] Claims 1 and 2 are presented here in the identical manner as they were presented in the state supreme court by Petitioner's appellate counsel.  (See ECF No. 3 at 6-7.)  Claims 3-8 were drafted by Petitioner proceeding pro se and are not as well organized.  (See ECF No. 37 at 3-9.)  To the extent a liberal construction of the consolidated Petition reveals that there is an ineffective assistance of counsel component to Claims 4, 7 or 8 (see e.g. R&R at 37; ECF No. 37 at 6), the Court's finding regarding Martinez extends to such claims as well, with the added observation that even if Petitioner could overcome the default, habeas relief remains unavailable with respect to Claims 4-8 because they are untimely.

**2. Timeliness**

The Magistrate Judge found that the original Petition in this action, containing Claims 1-3, was filed with about nine months left on the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), but that Claims 4-8 are untimely because they were first presented in Petitioner's Motion to Amend the Petition which was filed over a year after the original Petition was filed. (R&R at 24-25, 29, 33.) The Magistrate Judge found that neither statutory nor equitable tolling is available, and that these claims did not relate back to any claim in the original petition. (R&R at 23-27, 29-30, 33-34, 36-37, 39.)

The Court adopts those findings and agrees with the Magistrate Judge that Petitioner's allegation that he is "special ed" is insufficient to support equitable tolling of the statute of limitations or to warrant expansion of the record. See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (holding that a district court must conduct an evidentiary hearing where a habeas petitioner makes good-faith allegations which, if true, would entitle him to equitable tolling). The Court also notes that the record of Petitioner's police interrogation (CT 140-240), and his trial testimony (RT 1400-90, 1560-1642), support the Magistrate Judge's finding that Petitioner has failed to allege a mental impairment sufficiently serious to warrant equitable tolling. See Bills v. Clark, 628 F.3d 1092, 1100-01 (9th Cir. 2010) (holding that "to evaluate whether a petitioner is entitled to equitable tolling [due to mental impairment], the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitled him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.") The Court adopts the findings and conclusions of the Magistrate Judge that Claims 4-8 are barred by the one-year statute of limitations, and denies habeas relief as to these claims on that basis.

## C.    Conclusion and Order

The Court **ADOPTS** in part and **ADOPTS AS MODIFIED** in part the findings and conclusions of the Magistrate Judge [ECF No. 84] as set forth above, **DENIES** the consolidated Petition for a writ of habeas corpus [ECF Nos. 3, 37], and **ISSUES** a COA limited to Claims 1 at 2.

**IT IS SO ORDERED.**

DATED: September 2, 2016

**BARRY TED MOSKOWITZ**
United States District Judge